# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE,
Plaintiff-Appellant,

v.

UNIVERSITY OF BALTIMORE
SCHOOL OF LAW, et al.,
Defendants-Appellees.
No. 26-2189

On Appeal from the United States District Court
for the District of Maryland
Civil Action No. 1:26-cv-01903-BAH

RECEIVED
U.S. COURT OF APPEALS
FOURTH CIRCUIT
2026 AUG 31

## EMERGENCY MOTION UNDER FED. R. APP. P. 8(a)(2) FOR NARROW STATUS-PRESERVING INJUNCTION PENDING APPEAL

## OVERVIEW

**FIGURE 1. PROCEDURAL CHRONOLOGY PRECEDING THE REQUEST FOR EMERGENCY RELIEF**

*The sequence below reflects the district court's required process and Appellant's prompt compliance, followed by the timely request for emergency relief before the academic term began.*




## A. Nature of the Emergency

• This emergency motion seeks narrow, status preserving relief while the Court reviews the denial of preliminary injunctive relief.

• The underlying action alleges religious discrimination, retaliation, due process violations, and related constitutional claims against the University of Baltimore School of Law (UB Law), the University System of Maryland (USM),

Maryland public officials and other actors. Classes began August 17, late registration passed August 24, and the district-court action is stayed. Appellant seeks preservation, not final merits adjudication.

**B. Procedural Chronology Is Important to the Emergency Analysis**

- The district court relied in material part on the proposition that Appellant had "waited three months since filing his suit."
- Appellant filed the Complaint on May 13. Required preliminary judicial review continued through July 22, when the district court permitted surviving claims to proceed, authorized service by the United States Marshals Service (USMS), and set an August 12 deadline.
- In fact, Appellant complied with the court's directives, including the court-identified sealing motion. Summonses issued August 11; the verified emergency motion was filed August 12, five days before classes began.
- Appellant likewise acted promptly in this Court. The Rule 8 motion was principally completed on August 28, one day after the district court denied relief. The Clerk's Office advised that submitting a filing before the appeal was formally opened risked being returned. The Appellant has not delayed seeking emergency relief.

## VERIFICATION REGARDING APPELLATE FILING TIMING

Pursuant to 28 U.S.C. § 1746, Appellant declares under penalty of perjury that the principal Rule 8 submission was completed on August 28, 2026; no appellate case number was then available; and the Clerk's Office advised that filing before the appeal was formally opened risked return rather than docketing.
I declare under penalty of perjury that the foregoing is true and correct.
Executed on August 31, 2026

JOHN DOE

**C. Immediate Relief Requested**

- Appellant asks the Court to prevent deadlines and elapsed review time from becoming new grounds of forfeiture and, if needed, to permit narrowly tailored provisional participation under neutral academic conditions. The Court need not decide ultimate liability now; it need only preserve meaningful appellate review.
- Prohibit Appellees from treating the August 17 start of classes, the August 24 late registration deadline, absences accruing during emergency judicial review, or time consumed by that review as abandonment, waiver, noncompliance, or an independent forfeiture of Fall 2026 eligibility.
- Require the University of Baltimore School of Law and appropriate Maryland officials to preserve Appellant's administrative ability to receive meaningful Fall 2026 relief.
- If preservation alone is no longer sufficient, permit narrowly tailored provisional registration and participation subject to neutral academic requirements and reasonable interim conditions, including remote, separated, or no-contact arrangements if the Court considers them appropriate.
- Grant temporary status preserving relief while this Rule 8 motion is under consideration.

**RULE 8 POSTURE**

Appellant filed a notice of interlocutory appeal on August 18, 2026. ECF No. 17. This Court has jurisdiction under 28 U.S.C. § 1292(a)(1). Appellant first sought preliminary injunctive relief in the district court on August 12, 2026. ECF No. 13. The district court denied that request on August 17. ECF No. 15. On August 18, Appellant sought reconsideration and, separately and alternatively, an injunction

pending appeal. ECF No. 16. On August 26, Appellant withdrew only the reconsideration component so that no reconsideration request would impede the interlocutory appeal while expressly preserving the injunction-pending-appeal request. ECF No. 22. On August 27, the district court granted that limited withdrawal, denied the remaining injunction-pending-appeal request, ordered transmission to this Court and stayed the district action. ECF No. 24. Rule 8(a)(1) is therefore satisfied.

The governing equitable considerations are likelihood of success, irreparable injury, harm to other parties, and the public interest. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## LIKELIHOOD OF SUCCESS ON THE CORE RETALIATION CLAIMS

Appellant has made the required merits showing on at least the retaliation claims. A First Amendment retaliation plaintiff must show protected activity, adverse governmental action, and causation. *Constantine v. Rectors & Visitors of George Mason University*, 411 F.3d 474, 499–500 (4th Cir. 2005). The complaint and verified emergency record identify protected requests for religious accommodation, complaints of discrimination, regulatory complaints, and contemplated or filed civil-rights litigation; adverse educational actions including the disputed conduct charge, indefinite hold, adverse records, shifting return

requirements, and blocked re-enrollment; and causation supported by notice, sequence, changed explanations, and continuation of the barrier without adjudication.

The institutional Title VI retaliation claim independently supports preservation. Title VI prohibits retaliation against a person who opposes conduct reasonably believed to involve discrimination prohibited by Title VI. *Peters v. Jenney*, 327 F.3d 307, 320–21 (4th Cir. 2003); 34 C.F.R. § 100.7(e). The complaint alleges anti-Jewish discrimination tied to shared ancestry or ethnic characteristics, a prior institutional discrimination finding, protected complaints, and subsequent adverse educational consequences. The district court stated generally that likelihood of success was not shown but did not identify which element of either surviving retaliation theory was deficient. The Court need not decide final liability now; it need only determine that the record supports the merits showing necessary for narrow preservation.

## ARGUMENT

### I. APPELLANT HAS MADE THE REQUIRED MERITS SHOWING, IRREPARABLE HARM IS PRESENTLY OCCURRING, AND APPELLATE REVIEW WILL LOSE PRACTICAL VALUE WITHOUT PRESERVATION.

The academic term cannot be recreated later; a damages judgment cannot return classes already held, restore contemporaneous course sequencing, or recreate a semester lost while judicial review remained pending. Each additional

day also creates new facts that may be invoked against Appellant: additional absences, additional missed instruction, claims of greater administrative difficulty, and an increasingly entrenched claim that the ordinary academic calendar has already resolved the controversy.

That sequence would make judicial review self-defeating: challenged exclusion leads to an emergency motion; judicial review consumes time; academic deadlines expire; and the expiration is then invoked as a new reason for continued exclusion. The Court need not decide ultimate entitlement to a degree or final enrollment now. It need only prevent time from deciding the appeal first.

This Court's recent published decision in *Gilead Sciences, Inc. v. Meritain Health, Inc.*, No. 25-1828, slip op. 44-45 (4th Cir. Aug. 13, 2026), amended Aug. 18, 2026, is directly relevant to the district court's treatment of timing. There, a ten-month interval did not defeat irreparable harm where the plaintiff had investigated and had gone to the responsible regulator. The district court found that the plaintiff had waited to sue but had not sat on its hands, and this Court affirmed. Good faith efforts to investigate and seek corrective action do not negate urgency.

Where a likely First Amendment violation is shown, the resulting constitutional injury is irreparable: "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Newsom v. Albemarle County School Board*, 354 F.3d 249, 261 (4th Cir. 2003).

## II. MARYLAND-CONTROLLED PROCESSES CANNOT BE ASSUMED REGULAR WHERE THE ACTUAL RECORD SUPPORTS DELIBERATE INDIFFERENCE AND RETALIATORY PURPOSE.

The State of Maryland does not receive regularity as a litigation entitlement. The presumption of regularity, where applicable, is rebuttable and exists only in the absence of contrary evidence. *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926). It cannot be used circularly to decide that an administrative hold, agency extension, institutional instruction, or litigation position is lawful merely because it appears in official form.

This Court made the practical point unusually clear in *John Doe 1 v. Office of the Director of National Intelligence*, No. 25-1527 (4th Cir. July 2, 2026), amended July 7, 2026. The district court initially expected governmental agencies to consider the plaintiffs' requests in good faith. When the agencies' actual conduct undermined that expectation, injunctive relief followed and this Court affirmed. *Doe 1* does not eliminate every ordinary presumption. It shows that an allowance for governmental good faith is provisional and cannot substitute for the record after contrary conduct appears.

Here, the chronology is not one missed deadline or one mistaken email. Appellant's record begins with religious discrimination by 2021 and a formal University finding by July 2022. Maryland thus had actual notice of discrimination, yet Appellant alleges that the hostile environment continued,

including through staff conduct, without adequate correction. That failure to act after a formal finding supports a serious inference of deliberate indifference. By May 2023, Appellant had indicated that he was considering governmental action or litigation. Around the same period, the University initiated a student conduct process, irregularly, on behalf of graduated students. That process never produced a hearing or adjudication of responsibility, but an indefinite hold remained. The path to return later changed repeatedly, including through communications involving the Office of the Attorney General of Maryland.

Maryland's legal position is advanced through the Office of the Attorney General of Maryland, led by Attorney General Anthony G. Brown. That institutional representation does not make disputed State conduct lawful. Nor does Appellant rely merely on titles. He relies on sequence, notice, changed instructions, delayed correction, and the cumulative consequences of processes controlled by Maryland institutions and officials.

The inference Appellant asks the Court to preserve is therefore serious. After protected activity and a discrimination finding, Maryland actors did not merely fail to correct known harm. Rather, the record supports an inference that they maintained unresolved processes, changed return instructions, and allowed time to run in ways that predictably deepened exclusion and injury. That sequence supports deliberate indifference. Appellant further alleges that specific actions,

including perpetuating an unadjudicated barrier while issuing contradictory directions and then relying on the resulting delay, support an inference of retaliatory purpose rather than innocent administrative drift or mistake. The Court need not finally accept that inference today. But it should not extinguish it through an opposite and less credible presumption of benign regularity.

## III. THE PRESENT CONDITION CANNOT BE TREATED FACIALLY AS THE STATUS QUO WHEN THE STATE OF MARYLAND CREATED OR MATERIALLY EXACERBATED IT.

The principal relief requested is prohibitory, not mandatory. It would prevent Appellees from converting deadlines, absences, and time consumed by judicial review into new grounds of forfeiture. Provisional participation is requested only alternatively, if prohibitory preservation alone can no longer protect meaningful appellate relief.

ECF No. 15 characterized the requested relief as mandatory because it appeared to alter the present status quo. But the relevant status quo is not automatically whatever condition exists on the day an injunction is considered. This Court has described it as the last uncontested status between the parties preceding the controversy. *Pashby v. Delia*, 709 F.3d 307, 319-20 (4th Cir. 2013).

The present exclusion is itself disputed. No hearing, adjudication of responsibility, or expulsion order was entered. The 2023 conduct matter never produced an adjudication of responsibility. The University nevertheless maintained

an indefinite hold. The later return process produced materially inconsistent directions, including State counsel's indication that the University did not object to a second application, the submission and acknowledgment of that application, its later withdrawal, later reliance on the unresolved conduct process, and the eventual revelation that applying a second time had been unnecessary.

The State of Maryland cannot create or materially exacerbate the condition under appellate review and then invoke the resulting condition as the status quo entitled to heightened judicial protection for its position.

The point becomes more important as each judicial review day passes. If the start of classes, the close of late registration, additional absences, and administrative difficulty all become new components of Maryland's asserted status quo, the State receives a progressively stronger litigation position merely because the challenged condition remained operative while courts reviewed it. That is not neutral preservation. It risks allowing challenged conduct to become the basis for manufacturing a status-quo defense.

## IV. MARYLAND'S HOWARD UNIVERSITY RESPONSE IS PROBATIVE OF CAPACITY, FEASIBILITY, DELIBERATE INDIFFERENCE, AND RETALIATORY PURPOSE.

Maryland's own actions immediately before this emergency provide an unusually concrete comparison. On July 30, 2026, Governor Wes Moore announced that Maryland would provide expedited admissions support and an

$800 credit for students disenrolled by Howard University. He directed the Maryland Higher Education Commission ("MHEC") and the University System of Maryland ("USM") to establish a coordinated process to identify available programs, navigate financial aid, and seek expedited late admissions review at participating USM institutions with available capacity. Office of Governor Wes Moore, Governor Moore Announces Expedited USM Admissions Support and $800 Credit for Students Disenrolled by Howard University, Press Release (July 30, 2026).

USM Board of Regents Chair Linda R. Gooden publicly expressed a position of empathy: "We feel for the students." She described the System as acting in lockstep with the Moore-Miller Administration and ready to provide options for affected students. Governor Moore then publicly promoted the intervention through official messaging and national news.

This contrast in treatment matters. Empathy is not itself a constitutional entitlement, but Maryland's public recognition of the Howard students' harm, followed by immediate coordinated action, is evidence of how the State responds when it chooses to treat educational disruption as urgent. Appellant's record, however, describes the opposite after a formal finding of religious discrimination: known harm was allowed to continue, no comparable emergency pathway was mobilized, and mechanisms controlled by Maryland instead prolonged or

intensified exclusion. On this record, the disparity supports a serious inference of deliberate indifference and, at points, by multiple Defendants, retaliatory malice.

Appellant does not contend that every Howard student is an identical legal comparator or that this episode conclusively proves discriminatory purpose. The comparison is nevertheless probative at this stage because it demonstrates capacity, feasibility, policy flexibility, and the State's ability to recognize educational harm and to respond urgently. It also bears on motive and deliberate indifference as part of the surrounding sequence relevant to the Fourteenth Amendment inquiry. See *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266-68 (1977) (sequence of events, departures, and contemporary evidence may bear on discriminatory purpose).




*Figure 2. Demonstrative comparison of Maryland's publicly documented July 2026 response for students displaced from Howard University with the treatment alleged in Appellant's record.*

The contrast cannot be dismissed as mere administrative impossibility. For students whose crisis arose at an outside private university, Maryland expressed empathy and mobilized MHEC, USM, expedited late admissions, individualized assistance, and financial relief. Appellant alleges that this crisis was created or materially exacerbated by Maryland's own public institutions after a formal finding of religious discrimination and protected civil rights activity. Yet the response was delay, conflicting directions, an unadjudicated indefinite barrier, and no comparable coordinated emergency pathway before Fall 2026. The Howard response does not by itself establish liability. It materially supports the inference that Maryland knew how to prevent educational foreclosure, had the capacity to do so, and chose not to provide comparable urgency here despite actual notice of discrimination and continuing harm.




*Figure 3. Cumulative chronology of State-controlled actions and delays alleged to have created or materially exacerbated the Fall 2026 crisis. Demonstrative only; the underlying record controls.*

## V. THE DISTRICT COURT MATERIALLY MISATTRIBUTED THE RELEVANT PERIOD OF TIME, AND THE CORRECTED RECORD WAS NOT RECONCILED WITH ECF NO. 15.

A district court abuses its discretion when it applies an incorrect preliminary-injunction standard, rests its decision on a clearly erroneous material fact, or misapprehends the governing law. *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 188 (4th Cir. 2013) (en banc).

The principal concrete reason ECF No. 15 identified for discounting irreparable harm was that Appellant had allegedly waited three months after filing suit before seeking emergency relief. ECF No. 15 at 3. That statement measured calendar time but did not account for who actually controlled the interval or what Appellant was doing during it.

The federal chronology is straightforward. Appellant filed the Complaint on May 13. From May 13 through July 22, the action remained before the district court for the required preliminary judicial review, and service had not yet been authorized. On July 22, the court completed that review, permitted surviving claims to proceed, authorized service by the United States Marshals Service ("USMS"), and directed Appellant to return service materials within twenty-one days, establishing an August 12 deadline. Appellant then acted in accordance with the court's directives, including filing the motion the court identified as necessary

concerning continued sealing. Summonses issued August 11. Appellant filed ECF No. 13 on August 12, five days before Fall 2026 classes began.

That is not three months of unexplained inactivity. It is a docketed period of required preliminary judicial review followed by compliance with the court's directives and emergency motion practice before the academic term began. During the same interval, Appellant also pursued institutional and regulatory avenues intended to obtain a lawful resolution. *Gilead*, originally decided August 13 and amended August 18, confirms why the distinction matters.

The later order did not cure the problem. ECF No. 24 characterized the Rule 62(d) request as essentially seeking the same educational preservation and incorporated ECF No. 15 without reconciling the corrected chronology. ECF No. 24 at 2. The factual premise therefore remains directly relevant to appellate review.

There is also a Rule 52 problem. A court denying a preliminary injunction need not write something elaborate. But it must state findings and conclusions sufficient to identify the basis for its action and permit meaningful appellate review. *Frazier v. Prince George's County, Maryland*, 86 F.4th 537, 541-46 (4th Cir. 2023). Here, the generalized likelihood of success conclusion does not identify which surviving First Amendment, Fourteenth Amendment, or Title VI theory failed, while the principal concrete factual premise concerning delay is materially disputed by the docket itself.




**FIGURE 4. DETAILED FEDERAL-COURT CHRONOLOGY**

*The sequence reflects required preliminary judicial review, compliance with court directives, and emergency motion practice before the academic term began.*

## VI. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR NARROW PRESERVATION.

The relief requested can be modest. Appellant does not ask this Court to award a degree, waive neutral academic standards, or finally adjudicate every historical dispute. He principally asks the Court to stop additional academic deadlines and time consumed by judicial review from becoming new independent grounds of forfeiture. If provisional participation is necessary, it can be conditioned on neutral academic requirements and reasonable interim protections.

The burden of preservation is limited compared with the harm of allowing another semester to become irreversible. Maryland has itself demonstrated that emergency educational coordination, individualized consideration, financial navigation, and late admissions review can be implemented when the State recognizes educational harm and chooses to preserve continuity. The public interest favors meaningful judicial review, constitutional compliance, consistent treatment by public institutions, protection against retaliation for civil rights complaints and scrutiny of a record supporting deliberate indifference and, at points, malice rather than assumptions of governmental regularity.

Any provisional participation can be implemented through an academically reasonable reentry plan, including prompt access to course materials, reasonable

make-up opportunities, and treatment of absences accrued during judicial review as non-disqualifying, while preserving neutral academic standards.

## CONCLUSION

This Court need not decide final liability to prevent the appeal from becoming practically meaningless. Appellant respectfully requests an order prohibiting Appellees from treating the August 17 start of classes, the August 24 late-registration deadline, absences accruing during emergency judicial review, or elapsed judicial review time as abandonment, waiver, noncompliance, or an independent forfeiture of Fall 2026 eligibility; directing preservation of Appellant's administrative ability to receive meaningful Fall 2026 relief; granting provisional participation if necessary to prevent irreparable injury; and granting temporary preservation while this motion is considered.

Respectfully submitted,

JOHN DOE
Plaintiff-Appellant,

Dated: August 31, 2026

## EMERGENCY NOTICE

Appellant respectfully advises that the requested relief is time-sensitive because Fall 2026 classes are underway, the published late-registration date passed while emergency judicial review was active, additional instructional time and absences accrue daily, and the district court has stayed the underlying action

pending this interlocutory appeal. Appellant first sought the requested injunction below, and the district court denied the remaining injunction-pending-appeal request on August 27, 2026. Appellant has provided notice of this filing to counsel and service contacts for Appellees by electronic mail and/or first-class mail on August 31, 2026.

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I served a true and correct copy of the foregoing Emergency Motion and accompanying exhibits upon all counsel of record by first-class mail to:

Kathryn J. Bradley
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
17th Floor
Baltimore, Maryland 21202

JOHN DOE

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the portions exempted by the Rules, it contains 3,453 words. The motion uses a 14-point proportionally spaced serif typeface.

JOHN DOE

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

No. 26-2189

**JOHN DOE,**
Plaintiff-Appellant,

v.

**UNIVERSITY OF BALTIMORE SCHOOL OF LAW, et al.,**
Defendants-Appellees.

---

# EXHIBIT A

## ECF NO. 15

Order Entered August 17, 2026

## DENYING PRELIMINARY INJUNCTIVE RELIEF

---

On Appeal from the United States District Court
for the District of Maryland

Civil Action No. 1:26-cv-01903-BAH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-1903-BAH |
| UNIVERSITY OF BALTIMORE SCHOOL OF LAW ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

## ORDER

Pending before the Court in the above-captioned matter is a "Ver[i]fied Emergency Motion For Temporary Restraining Order, Preliminary Injunction, Narrow Protective Relief And Expedited Hearing" filed by Plaintiff John Doe. ECF 13. He seeks to:

- Suspend reliance on the unresolved 2023 student-conduct matter and resulting hold as a barrier to Fall 2026 access pending an expedited hearing.
- Preserve Plaintiff's Fall 2026 eligibility and permit provisional enrollment, with remote, hybrid, no-contact, or separated participation available if the Court considers an interim precaution necessary or appropriate.
- Prevent tuition, fees, scholarship processing, or delayed state funding approvals from becoming a substitute barrier; require a temporary institutional credit or, at minimum, billing suspense without financial holds or deregistration.
- Require Defendants to use "John Doe" in public filings and communications relating to this action and to provide written consent or non-opposition to provisional protection of specific cross-docket linkage materials in a related Maryland action.
- Prohibit unnecessary disclosure or collateral use of Plaintiff's education, medical, financial, complaint, and student-conduct information, while preserving Defendants' ability to defend this case under seal.

- Require preservation of relevant records, disclosure logs, access histories, communications, and metadata.
- Set an emergency response schedule and hearing.

*Id.* at 1 2.

Temporary restraining order ("TROs"), as well as preliminary injunctions, are governed by Federal Rule of Civil Procedure 65. "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). Preliminary injunctions and TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). They are not "awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, at 689–90 (2008)). To succeed on a motion for a preliminary injunction or TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter*, 555 U.S. at 20).

Plaintiff appears to seek a preliminary injunction altering the status quo. *See* ECF 13, at 1 (asking to "[s]uspend reliance on the unresolved 2023 student-conduct matter and resulting hold as a barrier to Fall 2026 access pending an expedited hearing"). "[M]andatory injunctions alter the status quo . . . ." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014)). "Mandatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." *Taylor v. Freeman*, 34 F.3d 266, 270

n.2 (4th Cir. 1994). "'Likelihood of success' . . . has been deemed to require a showing 'clear and convincing on the part of the plaintiff.'" *Tiffany v. Forbes Custom Boats, Inc.*, 959 F.2d 232 (4th Cir. 1992), *corrected* (Apr. 27, 1992) (Table) (quoting *Mycalex Corp. of America v. Pemco Corp.*, 159 F.2d 907, 912 (4th Cir. 1947)).

The Court has reviewed the motion and finds that Plaintiff has not met the high bar to merit preliminary injunctive relief. Particularly, the Court is not satisfied that Plaintiff has established a likelihood of success on the merits of his claims. "'[I]f there is doubt as to the probability of plaintiff's ultimate success,' a request for preliminary mandatory relief 'must be denied.'" *Cornwell v. Sachs*, 99 F. Supp. 2d 695, 704 (E.D. Va. 2000) (quoting *Tiffany*, 959 F.2d 232, at *8). Further, the fact that Plaintiff waited three months since filing his suit to bring the instant motion to the Court's attention—a motion filed just a few days before the deadline he contends provides the irreparable harm absent preliminary injunctive relief—cuts against his irreparable harm argument. "Since an application for preliminary injunction is based upon an urgent need for the protection of [a] [p]laintiff's rights, a long delay in seeking relief indicates that speedy action is not required." *League of Women Voters of the United States v. United States Citizenship & Immigr. Servs.*, Civ. No. 25-3777-ABA, --- F. Supp. 3d ---, 2026 WL 2224637, at *31 (D. Md. Aug. 3, 2026) (quoting *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989)).

To the extent Plaintiff seeks to "[r]equire Defendants to use 'John Doe' in public filings and communications relating to this action," ECF 13, at 2, that question is the subject of the still pending motion to proceed by pseudonym, ECF 7. Plaintiff has not established why a TRO is necessary to remedy his request to "[p]rohibit unnecessary disclosure or collateral use of Plaintiff's" sensitive information, which is typically handled as a matter of course through jointly

proposed protective orders. Nor is a TRO necessary to "[r]equire preservation of relevant records" and the like, ECF 13, at 2, "because [defendants are] already under a duty to preserve material evidence." *Malibu Media, LLC v. Doe*, Civ. No. TDC-15-1042, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016) (citing *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)); *see also Gambino v. Hershberger*, 700 F. App'x 272, 273 (4th Cir. 2017) (affirming district court's denial of preliminary injunctive relief seeking preservation of evidence).

Accordingly, for the reasons stated above, it is this 17th day of August, 2026, by the United States District Court for the District of Maryland **ORDERED** that Plaintiff's "Ver[i]fied Emergency Motion For Temporary Restraining Order, Preliminary Injunction, Narrow Protective Relief And Expedited Hearing," ECF 13, is DENIED.

/s/
Brendan A. Hurson
United States District Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

No. 26-2189

**JOHN DOE,**
Plaintiff-Appellant,

v.

**UNIVERSITY OF BALTIMORE SCHOOL OF LAW, et al.,**
Defendants-Appellees.

---

# EXHIBIT B

## ECF NO. 24

Order Entered August 27, 2026

## DENYING INJUNCTION PENDING APPEAL AND STAYING THE DISTRICT-COURT ACTION

---

On Appeal from the United States District Court
for the District of Maryland

Civil Action No. 1:26-cv-01903-BAH

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN DOE, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 26-1903-BAH |
| UNIVERSITY OF BALTIMORE SCHOOL OF LAW ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**ORDER**

Pending before the Court in the above-captioned matter is Plaintiff John Doe's "Emergency Motion for Reconsideration and for an Immediate Administrative Stay in the Form of Temporary Status-Preserving Injunctive Relief; Alternatively, for an Injunction Pending Appeal, and Incorporated Memorandum." ECF 16. Plaintiff filed a supplement to that motion, ECF 21, and a "Motion for Limited Withdrawal of the Reconsideration Request and for Prompt Order," ECF 22. Plaintiff seeks to withdraw "only the portion of ECF No. 16, as supplemented by ECF No. 21, that asks this Court to reconsider, alter, amend, vacate, or otherwise modify ECF No. 15." ECF 22, at 1. "Plaintiff does not withdraw the separate, alternative request for temporary injunctive relief pending appeal and preservation of the status quo under Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)." *Id.* Plaintiff's request to withdraw the motion to reconsider the Court's prior order will be granted. The Court now turns to the remaining portion of Plaintiff's motion.

Fed. R. Civ. P. 62(d) provides in relevant part that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses

to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[1] "[B]ecause similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined," the standard for granting a motion under Rule 62(d) is the same as the preliminary injunction standard. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Goldstein v. Miller*, 488 F. Supp. 156, 171–72 (D. Md. 1980). In seeking this injunction pending appeal, Plaintiff essentially asks for the same relief requested in his motion for preliminary injunctive relief: that the Court preserve his ability to enroll in the University of Baltimore School of Law this fall 2026 semester throughout the pendency of this litigation. *Compare* ECF 13, at 13, *with* ECF 16, at 17. Thus, for the reasons noted in the Court's August 17, 2026 order, ECF 15, the preliminary injunction factors do not weigh in favor of issuing the injunction pending appeal.

Given the pending interlocutory appeal of the Court's denial of preliminary injunctive relief, the Court will stay this action pending appeal. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)).

---

[1] Fed. R. App. P. 8(a)(1) provides that "[a] party must ordinarily move first in the district court for the following relief:

> (A) a stay of the judgment or order of a district court pending appeal;
>
> (B) approval of a bond or other security provided to obtain a stay of judgment; or
>
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Plaintiff appears to cite this rule for the proposition that he must seek relief first in the district court, not as a separate basis for relief. *See* ECF 16, at 4.

Accordingly, for the reasons stated above, it is this 27th day of August, 2026, by the United States District Court for the District of Maryland hereby **ORDERED** that:

(1) Plaintiff's "Motion for Limited Withdrawal of the Reconsideration Request and for Prompt Order," ECF 22, is GRANTED;

(2) To the extent not withdrawn, Plaintiff's "Emergency Motion for Reconsideration and for an Immediate Administrative Stay in the Form of Temporary Status-Preserving Injunctive Relief; Alternatively, for an Injunction Pending Appeal, and Incorporated Memorandum," ECF 16, is DENIED;

(3) The Clerk of this Court is directed to transmit a copy of this order to the Clerk for the United States Court of Appeals for the Fourth Circuit; and

(4) This matter is hereby STAYED pending appeal.

/s/
Brendan A. Hurson
United States District Judge